# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE MUNOZ and ROBINSON OSORIO,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-932-Orl-22DAB**

**UNIVERSAL BUILDING**
**MAINTENANCE, INC. dba DIVERSIFIED**
**MAINTENANCE SYSTEMS, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration with a fairness hearing on the following motion filed herein:

> **MOTION:**　　**JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 25)**
>
> **FILED:**　　November 21, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This is an action for unpaid overtime compensation, pursuant to the Fair Labor Standards Act. As set forth in the papers and at the hearing, Plaintiff Munoz's overtime claim consisted of an unspecified and disputed amount of "off the clock" time, as well as time actually recorded, plus liquidated damages, and attorney's fees; and Opt-in Plaintiff Osorio's claim was similar. Defendant disputed entitlement, and asserted that defenses applied, and the parties settled as follows: Plaintiff Munoz will receive $2,400.00 for unpaid wages and the same amount for liquidated damages;

Plaintiff Osorio will receive $1,900.00 for overtime and the same amount for liquidated damages, with Plaintiffs' counsel receiving $3,500.00 in attorney's fees and costs. The Court finds these amounts to be reasonable.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Defendant admitted that the time records did not reflect the total time Plaintiffs may have worked. Due to proof issues on both sides, the parties settled for the full amount of time shown on the records, and a portion of what Plaintiffs believed were off the clock hours. The Court finds the settlement, in view of the amount of the claim and the asserted defenses, to be appropriate in this case. The parties agree that the settlement is a fair and reasonable compromise of disputed issues, and the Court concurs. It is therefore **respectfully recommended** that the settlement be **approved** and the action be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy